IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANNA PATEL                              :

                                         :

    v.                                   :   Civil Action No. DKC 12-0880

                                         :

UNITED OF OMAHA LIFE INSURANCE
CO.                                      :

**MEMORANDUM OPINION AND ORDER**

The parties in this case involving allegations of improper termination of disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, have advised of a disagreement regarding the nature and scope of discovery. Specifically,

> [t]he Plaintiff believes that she is entitled to discovery into the basis of the Defendant's decision to deny benefits, and also into the Defendant's potential conflict of interest. . . . Defendant believes that, as the Plaintiff's claims are governed by [ERISA], no discovery is allowed, as the [c]ourt must rely solely on the administrative record.

(ECF No. 8 ¶ 3). Plaintiff separately filed a motion for modification of the scheduling order, requesting extension of the discovery deadline in order to conduct discovery outside the

administrative record (ECF No. 9), and Defendant opposed this motion (ECF No. 10).[1]

Under ERISA, 29 U.S.C. § 1132(a)(1)(B), an individual who has been denied benefits under an employee benefit plan may challenge that denial in federal court.  In reviewing such a claim, "the court must first decide whether the plan at issue vested discretion in the plan administrator with respect to the contested benefits."  *Bartel v. Sun Life Assurance Co. of Canada*, 536 F.Supp.2d 623, 627 (D.Md. 2008) (citing *Blackshear v. Reliance Standard Life Ins. Co.*, 509 F.3d 634, 638 (4th Cir. 2007)).

Where a plan grants the administrator discretionary authority to determine benefits, the court conducts a "de novo review to determine whether a plan administrator abused its discretion . . . based solely on the existing administrative record, rather than on any testimony or other additional evidence obtained outside the administrative record."  *Williams v. Met. Life Ins. Co.*, 609 F.3d 622, 631 (4th Cir. 2010). "Plaintiffs in such actions have generally not been entitled to discovery beyond the administrative record."  *Clark v. Unum Life Ins. Co. of America*, 799 F.Supp.2d 527, 531 (D.Md. 2011) (citing

---

[1] Plaintiff also filed a motion to stay the scheduling order pending resolution of her motion for modification.  (ECF No. 11).  That motion will be denied as moot.

*Briggs v. Marriott Intern., Inc.*, 368 F.Supp.2d 461, 467 n. 4 (D.Md. 2005)).

In the case of a plan that does not clearly grant discretion to the administrator, "the standard of review is de novo." *Gallagher v. Reliance Standard Life Ins. Co.*, 305 F.3d 264, 269 (4th Cir. 2002) (citing *Feder v. Paul Revere Life Ins. Co.*, 228 F.3d 518, 522 (4th Cir. 2000)). Generally, courts conducting *de novo* review also consider "only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit claim." *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1026–27 (4th Cir. 1993). As the Fourth Circuit has explained:

> Exceptional circumstances that may warrant an exercise of the court's discretion to allow additional evidence include the following: claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Quesinberry*, 987 F.2d at 1027.

It is unclear, based on the instant record, whether the plan at issue is discretionary.  Neither party has submitted any evidence – such as, for example, the plan itself – in support of their respective position.  The parties agree, however, that Defendant had "the dual role of paying any plan benefits and determining eligibility under the Policy and was[,] therefore, acting under a structural conflict of interest in determining the LTD claim at issue in this case."  (ECF No. 10, at 2).  A number of courts, including two in this district, have found that "the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), may have opened the door to additional discovery" where a conflict is presented.  *Clark*, 799 F.Supp.2d at 531; *see also Anderson v. Reliance Standard Life Ins. Co.*, No. WDQ-11-1188, 2012 WL 32568 (D.Md. Jan. 5, 2012).

In *Glenn*, 554 U.S. at 115, the Court "elucidate[d] what [it] set forth in *Firestone* [*Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)], namely, that a conflict should be weighed as a factor in determining whether there is an abuse of discretion." (Internal quotation marks and citation omitted).  The Court explained that a conflict of interest "should prove more important (perhaps of greater importance) where circumstances suggest a higher likelihood that it affected the benefits

4

decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration." *Glenn*, 554 U.S. at 117.   On the other hand, "[i]t should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits." *Id*.   Thus, "[t]he weight to be given to the conflict . . . depends on the 'likelihood that it affected the benefits decision.'" *Clark*, 799 F.Supp.2d at 532 (quoting *Glenn*, 554 U.S. at 117).

"The Fourth Circuit has not yet decided the question of what effect, if any, *Glenn* had on the availability of extra-record discovery in ERISA cases." *Clark*, 799 F.Supp.2d at 532.[2] The majority of other circuit courts addressing the issue,

---

[2] As noted, in an earlier decision, the court at least implied that discovery would be available in "[e]xceptional circumstances," such as "where the payor and the administrator are the same entity and the court is concerned about impartiality." *Quesinberry*, 987 F.2d at 1027.   Its post-*Glenn* decisions are not inconsistent. *See Champion v. Black & Decker (U.S.), Inc.*, 550 F.3d 353, 362 (4th Cir. 2008) (finding "no evidence raising a concern that would increase the weight of the conflict"); *Spry v. Eaton Corp. Long Term Disability Plan*, 326 Fed.Appx. 674, 678-79 (4th Cir. 2009) (per curiam) ("proof of acts warranting imputation of improper motives to a plan administrator still aids claimants challenging adverse benefits decisions").

however, have found that it "fairly can be read as contemplating
some discovery on the issue of whether a structural conflict has
morphed into an actual conflict." *Denmark v. Liberty Life
Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009); *see Clark*,
799 F.Supp.2d at 532 (listing cases).   As the First Circuit
explained:

> In future cases, plan administrators,
> aware of *Glenn*, can be expected as a matter
> of course to document the procedures used to
> prevent or mitigate the effect of structural
> conflicts.   That information will be
> included in the administrative record and,
> thus, will be available to a reviewing
> court.   Conflict-oriented discovery will be
> needed only to the extent that there are
> gaps in the administrative record.   If, say,
> the plan administrator has failed to detail
> its procedures, discovery may be
> appropriate, in the district court's
> discretion.   Otherwise, discovery normally
> will be limited to the clarification of
> ambiguities or to ensuring that the
> documented procedures have been followed in
> a particular instance.

*Denmark*, 566 F.3d at 10.

Here, Plaintiff has provided no basis for the court to
determine whether any "gaps in the administrative record"
warrant outside discovery regarding the nature and effect of the
conflict of interest.   Similarly, to the extent that she seeks
discovery "regarding Omaha's decision-making process for such
claims generally, and the decision-making process in her claim
in particular" (ECF No. 9, at 4-5), no showing has been made

that the administrative record is deficient.  Indeed, it appears
that the administrative record has not yet been produced; thus,
Plaintiff's motion is premature.  In any event, she has failed
to present exceptional circumstances warranting discovery
outside the administrative record.

This finding is entirely consistent with Judge Bredar's
well-reasoned opinion in *Clark*, 799 F.Supp.2d at 533, in which
he determined,

> *Glenn* created an exception to the general
> rule (still otherwise in force) that extra-
> record discovery is unavailable to ERISA
> plaintiffs.  Such discovery is available
> when an administrator has a structural
> conflict of interest and information not
> contained in the record is necessary to
> enable the court to determine the likelihood
> that the conflict influenced the particular
> benefits decision at issue.

*See Anderson*, 2012 WL 32568, at *3-4 (following *Clark*).
Notably, Judge Bredar ordered supplemental briefing on the
question of whether "the information already contained in the
administrative record [was] sufficient to determine the extent,
if any, to which Defendant's conflict of interest influenced its
decision to deny Plaintiff's claim for long-term disability
benefits."  *Clark*, 799 F.Supp.2d at 533-34 (emphasis removed).
After receiving that briefing, he concluded that the
administrative record was sufficient "to allow the [c]ourt to
determine the likelihood that Defendant's conflict of interest

(i.e., its financial incentive to avoid paying claims) improperly influenced its decision to terminate Plaintiff's LTD benefits."  *Id*. at 535-36.  Thus, the plaintiff's motion to compel discovery was ultimately denied.

In the instant case, there is no question that a structural, if not an actual, conflict of interest exists, but until the administrative record is produced and examined, it cannot be known whether extra-record discovery is warranted. Thus, Plaintiff has not shown good cause for modification of the scheduling order.  *See* Fed.R.Civ.P. 16(b).

Accordingly, it is this 21st day of June, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1.  Plaintiff's motion for modification of the scheduling order (ECF No. 9) BE, and the same hereby IS, DENIED without prejudice;

2.  Plaintiff's consent motion to stay scheduling order (ECF No. 11) BE, and the same hereby IS, DENIED as moot; and

3.  The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge